IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JULIAN G. DEMEDEIROS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:17-CV-3118-K (BH) |
| | § | |
| NANCY A. BERRYHILL, ACTING, | § | |
| COMMISSIONER OF THE SOCIAL | § | |
| SECURITY ADMINISTRATION, | § | |
| | § | |
| Defendant. | § | Referred to U.S. Magistrate Judge |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

By *Special Order No. 3-251*, this social security case was automatically referred for determination of non-dispositive motions and issuance of findings, conclusions and recommendation. Before the Court for recommendation is *Defendant's Motion to Dismiss with Brief in Support*, filed July 16, 2018 (doc. 16). Based on the relevant filings, evidence, and applicable law, the motion should be **GRANTED**.

### I. BACKGROUND

On October 17, 2014, Julian G. DeMedeiros (Plaintiff) filed his application for retirement insurance benefits (RIB) under Title II of the Social Security Act (Act), seeking benefits beginning in October 2014. (doc. 16-1 at 2-3, 5-6.)[1] His claim was denied initially on November 7, 2014, and upon reconsideration on April 13, 2015. (*Id*. at 3, 7-8, 12.) On June 10, 2015, Plaintiff requested a hearing before an Administrative Law Judge (ALJ). (*Id*. at 3, 16.) He appeared and testified at a hearing on January 15, 2016. (*Id*. at 3, 27, 40.) On March 2, 2016, the ALJ issued a decision

---

[1] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

finding him not disabled and denying his claim for benefits. (*Id.* at 3, 27, 37-44.)

Plaintiff timely appealed to the Appeals Council on May 6, 2016. (*Id.* at 3, 44-47.) While that appeal was pending, on April 4, 2017, the Social Security Administration (SSA) informed Plaintiff that it was paying him RIB for October 2014. (*Id.* at 3, 50.) The Appeals Council subsequently denied Plaintiff's request for review on September 7, 2017, on grounds that there was no reason to take action because Plaintiff had "received a fully favorable determination on the issue in this case," making the ALJ's decision the final decision of the Acting Commissioner of Social Security (Commissioner). (*Id.* at 3, 53.) On November 13, 2017, Plaintiff filed his complaint under 42 U.S.C. § 405(g) seeking judicial review of the final decision by the Commissioner. (*See* doc. 2.)

Plaintiff contends that he is entitled to relief from the Commissioner's decision because the issues here "involve legal and constitutional questions seriously affecting [his] substantial rights and liberty interests . . . , which are still capable of repetition, yet evading review, thus seriously jeopardizing [his] health and continuing treatment for his terminal disease and ability to secure the basic necessities of life." (doc. 2 at 1.) In a "Request for Extension of Time to File for Court Review of the Appeals Council's Decision Dated September 7, 2017," Plaintiff conceded that "after the initial adverse decision by the Administrative Law Judge [(ALJ)] . . . , all subsequent decisions rendered in this case were favorable and established that [he was] in fact legally entitled" to RIB as a matter of law. (*Id.* at 19.) Despite the subsequent favorable decisions, he appears to challenge the Commissioner's decision on grounds that "none of the decisions state the specific legal basis relied upon for the decisions . . . ." (*Id.*)

On July 16, 2018, the Commissioner moved to dismiss Plaintiff's complaint for lack of subject-matter jurisdiction and for failure to state a claim. (doc. 16.) Plaintiff did not respond, and

this motion is now ripe for recommendation.

## II. MOTION TO DISMISS

The Commissioner moves to dismiss Plaintiff's complaint for lack of subject-matter jurisdiction. (doc. 16 at 1.)[2]

**A.  Legal Standard**

A motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure challenges a federal court's subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). Federal courts are courts of limited jurisdiction; without jurisdiction conferred by the Constitution and statute, they lack the power to adjudicate claims. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).

A Rule 12(b)(1) motion "may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506 (2006). A court must dismiss the action if it determines that it lacks jurisdiction over the subject matter. Fed. R. Civ. P. 12(h)(3); *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998). "When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (per curiam). A dismissal under Rule 12(b)(1) "is not a determination of the merits," and it "does not prevent the plaintiff from

---

[2] Although the Commissioner does not specify the basis for her motion to dismiss, she appears to seek dismissal under both Rule 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure because she seeks dismissal for lack of jurisdiction and for failure to state a claim. (*See* doc. 16 at 1, 4-5.)

3

pursuing a claim in a court that does have proper jurisdiction." *Id*.  Accordingly, considering Rule 12(b)(1) motions first "prevents a court without jurisdiction from prematurely dismissing a case with prejudice." *Id*.

The district court may dismiss for lack of subject matter jurisdiction based on (1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981).  A motion to dismiss based on the complaint alone presents a "facial attack" that requires the court to merely decide whether the allegations in the complaint, which are presumed to be true, sufficiently state a basis for subject matter jurisdiction.  *See Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1998).  "If sufficient, those allegations alone provide jurisdiction." *Id*.  Facial attacks are usually made early in the proceedings.  *Id*.

If the defendant supports the motion with evidence, however, then the attack is "factual" and "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Williamson*, 645 F.2d at 413.  A factual attack may occur at any stage of the proceedings. *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980).  Regardless of the nature of attack, the party asserting federal jurisdiction continually carries the burden of proof to show it exists. *Ramming*, 281 F.3d at 161.

Here, the Commissioner provides the "Declaration of Cristina Prelle Court Case Preparation and Review Branch 4 Office of Appellate Operations Social Security Administration," and copies of documents from Plaintiff's official file related to his RIB claim in support of the motion to

4

dismiss. (*See* doc. 16-1.) The motion therefore presents a factual attack, and no presumption of truth attaches to Plaintiff's factual allegations. "Because Plaintiff does not contest [the Commissioner's] proffered evidence, however, there are no disputed facts to resolve." *McClain v. Bueschel*, No. 3:09-CV-1721-M, 2010 WL 742452 at *2 (N.D. Tex. Mar. 2, 2010).

**B.** **Standing**

Defendant seeks dismissal of Plaintiff's complaint for lack of subject matter jurisdiction because "he has already been awarded full relief on his claim for [RIB]." (doc. 16 at 1.)[3]

"Article III of the Constitution limits federal 'Judicial Power,' that is, federal-court jurisdiction, to 'Cases' and 'Controversies.'" *U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 395 (1980). "One element of the case-or-controversy requirement is that [plaintiffs], based on their complaint, must establish that they have standing to sue." *Raines v. Byrd*, 521 U.S. 811, 818 (1997). This requirement, like other jurisdictional requirements, is "not subject to waiver." *Lewis v. Casey*, 518 U.S. 343, 349 n.1 (1996). The Supreme Court "insist[s] on strict compliance" with the requirement. *Raines*, 521 U.S. at 819. "Even when standing is not raised by the parties, the Court must, where necessary, raise the issue *sua sponte*." *Reed v. Rawlings*, No. 3:18-CV-1032-B, 2018 WL 5113143, at *3 (N.D. Tex. Oct. 19, 2018) (citing *Collins v. Mnuchin*, 896 F.3d 640, 654 n.83 (5th Cir. 2018)); *see also Legacy Cmty. Health Servs., Inc.*, 881 F.3d at 366 n.2 (citing *K.P.*, 627 F.3d at 122).

To meet the standing requirement, plaintiffs "must allege personal injury fairly traceable to

---

[3] This argument necessarily implicates standing. *See Martin v. Colvin*, No. 15-761 (JDB/AK), 2016 WL 7839131, at *4–5 (D.D.C. Aug. 4, 2016) (recognizing the courts have consistently addressed the issue of standing in cases "where a plaintiff challenges a fully favorable decision under § 405(g)"), *adopted by*, 2016 WL 7839133 (D.D.C. Aug. 30, 2016); *Figueroa v. Astrue*, No. C-10-393, 2011 WL 3502394, at *6-7 (S.D. Tex. July 19, 2011) ("courts often discuss lack of standing to appeal favorable Social Security claims . . . ."), *adopted by*, 2011 WL 3502392 (S.D. Tex. Aug. 10, 2011).

the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief." *Raines*, 521 U.S. at 818–819 (quoting *Allen v. Wright*, 468 U.S. 737, 751 (1984)); *accord Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992). To satisfy the "case or controversy" requirement of Article III, a "plaintiff must show that he has sustained or is immediately in danger of sustaining some direct injury as the result of the challenged official conduct and the injury or threat of injury must be both real and immediate, not conjectural or hypothetical." *City of Los Angeles v. Lyons*, 461 U.S. 95, 101–02 (1983) (citations and internal quotation marks omitted) (addressing standing to sue). The injury must be fairly traceable "to the challenged action of the defendant," rather than to "the independent action of some third party not before the court." *Simon v. E. Ky. Welfare Rights Org.*, 426 U.S. 26, 41–42 (1976). "The constitutional limits on standing eliminate claims in which the plaintiff has failed to make out a case or controversy between [the plaintiff] and the defendant." *Lewis v. Knutson*, 699 F.2d 230, 236 (5th Cir. 1983). Courts are to assess a plaintiff's "standing to bring each of its claims against each defendant." *Coastal Habitat Alliance v. Patterson*, 601 F. Supp. 2d 868, 877 (W.D. Tex. 2008) (citing *James v. City of Dallas*, 254 F.3d 551, 563 (5th Cir. 2001), *aff'd*, 385 F. App'x 358 (5th. Cir. 2010)); *see also Hoyt v. City of El Paso, Tex.*, 878 F. Supp. 2d 721, 727 (W.D. Tex. 2012) (quoting *Coastal Habitat Alliance*, 601 F. Supp. 2d at 877); *Sullo & Bobbitt, PLLC v. Abbott*, No. 3:11-CV-1926-D, 2012 WL 2796794, at *5 (N.D. Tex. July 10, 2012) (dismissing claim in part because plaintiffs could not show an injury fairly traceable to defendant).

Although the Fifth Circuit Court of Appeals does not appear to have considered the issue, other circuits have recognized that "42 U.S.C. § 405(g) 'makes no provision for judicial review of a determination favorable to the complainant.'" *Heller v. Comm'r of Soc. Sec.*, 328 F. App'x 74, 75

6

(2d Cir. 2009) (quoting *Jones v. Califano*, 576 F.2d 12, 18 (2d Cir. 1978)); *see Buck v. Sec'y of Health and Human Servs.*, 923 F.2d 1200, 1203 (6th Cir. 1991) ("In cases where, as here, the Secretary issues a decision that is fully favorable to the claimant, the claimant cannot seek judicial review."); *Wheeler v. Heckler*, 719 F.2d 595, 600 (2d Cir. 1983) ("[J]udicial review of favorable decisions is generally unavailable."). Plaintiffs generally cannot seek judicial review of such decisions because they lack standing to do so. *See Martin*, 2016 WL 7839131, at *5; *Cole v. Astrue*, No. 10-CV-4751 (JFB), 2012 WL 695849, at *3 (E.D. N.Y. Mar. 5, 2012); *Figueroa*, 2011 WL 3502394, at *6-7 (citing cases). In fact, "courts have consistently found that the plaintiff lacked standing because he could not establish that he suffered a concrete injury that was redressable by the court."[4] *Martin*, 2016 WL 7839131, at *5 (citing cases); *see Ransom o/b/o Ransom v. Berryhill*, No. 3:16CV601-WHB-LRA, 2018 WL 1221493, at *2 (S.D. Miss. Jan. 29, 2018) (recognizing that the Fifth Circuit has not address this issue), *adopted by*, 2018 WL 1221108 (S.D. Miss. Mar. 8, 2018).

Here, Plaintiff's claim for RIB was denied by the ALJ, and he appealed to the Appeals Council. (doc. 16-1 at 3, 37-47.) While his claim was pending before the Appeals Council, however, the SSA approved his claim, granting him full relief on his claim for RIB. (*Id.* at 3, 50.) The Appeals Council then denied his request for review because he "received a fully favorable determination on the issue in the case." (*Id.* at 3, 53.) Plaintiff concedes that following the initial adverse decision by the ALJ, "all subsequent decisions rendered in this case were favorable and

---

[4] Some courts have analyzed this issue as one of statutory standing. *See, e.g., Figueroa*, 2011 WL 3502394, at *7 ("While courts often discuss lack of standing to appeal favorable Social Security claims in terms of Article III standing, the issue is more aptly characterized as one of statutory standing." (citations omitted)). While Plaintiff would also lack statutory standing because Section 405(g) does not provide for judicial review of a fully favorable decision, "such an analysis is redundant because Congress cannot grant statutory standing where Article III standing is lacking." *Martin*, 2016 WL 7839131, at *5 n.2 (citing 42 U.S.C. § 405(g); *Jones*, 576 F.2d at 18).

established that [he was] in fact legally entitled" to RIB as a matter of law. (doc. 2 at 19.) Because Plaintiff received a fully favorable decision on his claim for RIB, he cannot "establish that he suffered a concrete injury that [is] redressable by the [C]ourt." *Martin*, 2016 WL 7839131, at *5. Accordingly, Plaintiff lacks standing to seek review of the fully favorable decision on his claim for benefits, and his complaint should be dismissed for lack of subject matter jurisdiction. *See id*. (determining that the plaintiff lacked standing to challenge a fully favorable decision under section 405(g)); *Coles*, 2012 WL 695849, at *3 (same); *see also Figueroa v. Comm'r of Soc. Sec.*, No. 15 Civ. 07129 (LGS), 2013 WL 3481317, at *3 (S.D. N.Y. July 11, 2013) (dismissing complaint under Rule 12(1) where the plaintiff sought review of a fully favorable social security determination); *Figueroa*, 2011 WL 3502394, at *7, 16 (determining that the plaintiff lacked statutory standing to appeal a fully favorable decision on a social security claim).[5]

### III. RECOMMENDATION

The Commissioner's motion should be **GRANTED**, and Plaintiff's complaint should be **DISMISSED without prejudice** for lack of subject-matter jurisdiction.

**SO RECOMMENDED** on this 30th day of March, 2019.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[5] To the extent that the Commissioner seeks dismissal of Plaintiff's complaint for failure to state a claim under Rule 12(b)(6), it is unnecessary to reach that argument because dismissal is proper under Rule 12(b)(1) for lack of subject-matter jurisdiction.

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE